The opinion of the Court was delivered by
MüNRO, J.
When a party obtrudes himself into the office of executor, by a tortious interference with the goods of the deceased owner, although the law stigmatizes such intruder as an executor of his own wrong, he is nevertheless, in suits instituted against him by the creditors of the deceased, uniformly treated as a lawful executor — for, as is said in 2 Blac. Comm. 517, “ the obvious conclusion which strangers can form of his conduct, is that he hath a will, in which he is named as executor, but hath not taken probate thereof.”
In this case the action was assumpsit in the usual form, to recover from the defendant, as executor of the deceased, sundry instalments due on shares of stock, subscribed by the latter in his lifetime to the Greenville and Columbia Railroad Company.
The pleas were, the general issue, and the statute of limitations. The only defence to the action was the statute of limitations, and in this was involved the- question, whether in the computation of time, the nine months — the period of exemption from suit which is extended by statute to executors, &c., — should be added to the statutory bar, or not. For the defendant it was urged, that not being the lawful executor of the estate, but merely an executor de son tort, the statutory period of exemption did not apply to one occupying this relation ; and as the plaintiffs had not been prohibited from bringing their action within the nine months, and had failed to do so, the bar of the statute was complete.
This position was overruled by the Circuit Judge, so that his *119 ruling is now charged as error in the defendant’s grounds of appeal.
Conceding that the ground in question possesses all the force that is claimed for it, if urged in behalf of one really occupying the tortious character which the defendant here assumes to occupy, it is clear that it cannot avail this defendant ; he, at least, is estopped by his own voluntary admission upon the record, from deriving any advantage he might otherwise have derived from it, under a different form of pleading— for having admitted by his manner of pleading, that he was the lawful executor of the estate, he cannot now be permitted to repudiate that character, and to assume another — or rather, he cannot be permitted to occupy towards the estate of the deceased, at one and the same time, the two-fold and incongruous relations, of a lawful executor, and an executor de son tort.
Had the defendant been desirous of availing himself of the ground in question, he should have exhibited his real character — if his real character it be — at an earlier stage of the suit. This he might have done, by pleading ne unques executor. Under this form of pleading, the question might properly have been made, but having made his election, and having chosen to be treated as a lawful executor, he has now no reason to complain that he has been cut off from a ground of defence, which appertains exclusively to one occupying a position the very opposite to the one he has deliberately selected for himself upon the record.
The motion is dismissed.
Wardlaw, Withers and Grover, JJ., concurred.
O’Neall and Whitner, JJ., being directors, gave no opinion.

Motion dismissed.